IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| HASSIE DEMOND KNOWLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:20-CV-105 |
| | ) | |
| LEXISNEXIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND JUDGMENT

In this Fair Credit Reporting Act case, the defendant, United States Bankruptcy Court for the Middle District of North Carolina, moves to dismiss all claims against it. Because the Bankruptcy Court is entitled to sovereign and judicial immunity, the motion will be granted.

In February 2020, the plaintiff filed a *pro se* complaint against several defendants, including the Bankruptcy Court, alleging violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, known as the FCRA. Doc. 1 at 2. The Bankruptcy Court contends the plaintiff's claim against it is barred by sovereign immunity and judicial immunity, making it subject to dismissal under Federal Rules of Civil Procedure 12(b)(1) or 12(b)(6). Doc. 21. The plaintiff did not respond to the motion to dismiss, despite the mailing of a *Roseboro* letter to the addresses he has provided to the Clerk. Doc. 24.

"Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986).

"Subject-matter jurisdiction cannot be conferred by the parties, nor can a defect in subject-matter jurisdiction be waived by the parties." *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004). Without a waiver of sovereign immunity, a court lacks the requisite subject matter jurisdiction to adjudicate a claim against a branch of the federal government. *See Kaufman v. United States*, 84 F. Supp. 3d 519, 524 (S.D.W. Va.), *aff'd*, 601 F. App'x 237 (4th Cir. 2015). The FCRA does not contain a waiver of sovereign immunity, with one exception that does not apply here. *See Robinson v. U.S. Dep't of Educ.*, 917 F.3d 799, 806 (4th Cir. 2019). The Bankruptcy Court, therefore, is entitled to sovereign immunity, and the Court does not have subject matter jurisdiction over the plaintiff's claims against the Bankruptcy Court.

In the alternative, these claims should be dismissed because the Bankruptcy Court is entitled to judicial immunity. Judicial immunity does not apply to claims against judges in two sets of circumstances, neither of which is alleged to be present here. *See Mireles v. Waco*, 502 U.S. 9 (1991). Because the Bankruptcy Court is entitled to judicial immunity, the plaintiff's claims against it will be dismissed.

It is **ORDERED AND ADJUDGED** that the United States Bankruptcy Court's motion to dismiss, Doc. 21, is **GRANTED** and all claims against the Bankruptcy Court are **DISMISSED**.

This the 6th day of August, 2020.

_____
UNITED STATES DISTRICT JUDGE